IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:15-CT-3238-FL

| | |
|---|---|
| JAMES E. WHITAKER, III, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| WAKE COUNTY COURT OF ) | |
| JUSTICE, WAKE COUNTY ) | |
| ADMINISTRATION, and CITY OF ) | |
| RALEIGH ADMINISTRATION, ) | |
| ) | |
| Defendants. ) | |

Plaintiff, a pretrial detainee,[1] filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983. The matter is before the court for frivolity review pursuant to 28 U.S.C. § 1915. Section 1915 provides that courts shall review complaints in which prisoners seek relief from a governmental entity or officer and dismiss such complaints when they are "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i).

A complaint may be found frivolous because of either legal or factual deficiencies. First, a complaint is frivolous where "it lacks an arguable basis . . . in law." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are based on an "indisputably meritless legal theory" and include "claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994) (quoting Neitzke, 490 U.S. at 327). Under this standard, complaints may

---

[1] The court's docket reflects that plaintiff now resides in a North Carolina State Correctional Institution. For the purposes of the court's frivolity review, plaintiff was a pretrial detainee at the time he filed his complaint.

be dismissed for failure to state a claim cognizable in law, although frivolity is a more lenient standard than that for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Neitzke, 490 U.S. at 328. Second, a complaint may be frivolous where it "lacks an arguable basis . . . in fact." Id. at 325. Section 1915 permits federal courts "to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." See Denton v. Hernandez, 504 U.S. 25, 32 (1992) (citing Neitzke, 490 U.S. at 327).

Plaintiff brings this action against defendants the Wake County Court of Justice, the Wake County Administration, and the City of Raleigh Administration. Plaintiff makes the following allegations in his complaint:

> Plaintiff originally charged by Raleigh Police Department with felony violation(s): case no(s) 13CR200048/offense(s): f-PWISD cocaine (felony) Case no(s) 12CR229225/offense(s):f-sell/deliver sch II cs (felony) Plaintiff indicted by Wake County Court of Justice on felony violation(s): case no(s) 13CRS200048/offense(s): f-PWISD cocaine (felony) case no(s) 12CRS229225/offense(s):f-sell cocaine (felony) case no(s) 12 CRS 229225/offense(s):f-Deliver cocaine (felony) 13CRS000305/offense(s): f-Habitual felon (felony) In reference to said felony offense(s) I was arrested on Dec. 31/2012 and was released from incarceration of late August 2013 whereby I also attended court around same date (August/2013) I was then found not guilty by jury trial/therefore more than 8 mths previously incarcerated here of WCDC 3301 Hammond Rd. Raleigh, NC 27602/finally of which deprived me of my constitutional equal protection, due process and et. al Constitutional rights.

(Compl. p. 4.) (no alterations made to original text). As relief, plaintiff seeks "financial compensation for loss of constitutional rights during incarceration (December 31, 2012 through late August 2013.). . . ." (Id.)

Plaintiff's complaint is not a model of clarity. The court begins with the fact that plaintiff has not named a property party. Plaintiff brought this action against the Wake County Court of

2

Justice, the Wake County Administration, and the City of Raleigh Administration. However, actions filed pursuant to § 1983 must be directed at persons. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989); Preval v. Reno, No. 99-6950, 2000 WL 20591,*1 (4th Cir. 2000); see also Moore v. City of Asheville, 290 F. Supp. 2d 664, 673 (W.D.N.C. 2003), aff'd, 396 F.3d 385 (4th Cir. 2005) (dismissing claims against city police department for lack of capacity because the police department is not a person). Because none of the entities named by plaintiff are persons, the named defendants are not proper parties to a § 1983 action. Thus, plaintiff's action against the Wake County Court of Justice, the Wake County Administration, and the City of Raleigh Administration is DISMISSED for failure to state a claim. See 28 U.S.C. § 1915(e)(2)(B)(ii).

Alternatively, plaintiff's action is dismissed without prejudice for failure to state a claim. Plaintiff appears to seek monetary damages based solely upon the fact that he was detained pending a criminal trial which resulted in a jury verdict of not guilty. However, there is no constitutional claim for unlawful detention in the absence of an allegation that the police failed to comply with due process of law. Reyes v. City of Lynchburg, 300 F.3d 449, 457 (4th Cir. 2002) (citing Baker v. McCollan, 443 U.S. 137 (1979) (holding that determination of probable cause by detached judicial officer that complies with Fourth Amendment constitutes all of the process due in order to constitutionally detain an accused pending trial)); Richardson v. City of South Euclid, 904 F.2d 1050, 1053 (6th Cir. 1990) ("[A] prosecution under a presumptively valid municipal ordinance, later determined to be invalid, does not, of itself, deprive the person prosecuted of any liberty interest recognized by our Constitution. The prosecution itself is the observance of process due the accused."). Here, plaintiff makes no such allegation against the police. Thus, this claim is DISMISSED without prejudice for failure to state a claim. See Ashcroft v. Iqbal, 556 U.S. 662, 681

(2009) (citation omitted); see, e.g., White v. White, 886 F.2d 721, 723 (4th Cir.1989) (stating minimum level of factual support required).

In summary, plaintiff's action is DISMISSED without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The clerk of court is DIRECTED to close this case.

SO ORDERED, this the 2nd day of March, 2016.

_____
LOUISE W. FLANAGAN
United States District Judge